

U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St N W*
*Washington, D C  20001*

June 6, 2007

*CR 07-340*

G. Allen Dale, Esq.
601 Pennsylvania Avenue, N.W.
Suite 900, South Building
Washington, DC 20004-2601

**FILED**

JAN - 9 2008

**NANCY MAYER WHITTINGTON, CLERK**
**U.S. DISTRICT COURT**

Re:    Raymond Jackson

Dear Mr. Dale:

This letter sets forth the full and complete plea offer to your client, Mr. Jackson. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on June 14, 2007. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1. **Charges:** Mr. Jackson agrees to waive Indictment and to plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 669 (theft or embezzlement in connection with health care). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Jackson and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Jackson will agree to the attached "Statement of the Offense" which fairly and accurately describes Mr. Jackson's actions and involvement in the theft. It is anticipated that during the Rule 11 plea hearing, Mr. Jackson will adopt and sign the Statement of the Offense as a written proffer of evidence.

2. **Potential penalties, assessments, and restitution**: Mr. Jackson understands that the maximum sentence that can be imposed is ten (10) years imprisonment, a fine of $ 250,000, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a three-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Jackson understands that the sentence to be imposed in this case will be determined by the court, guided by the factors enumerated in 18 U.S.C. 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Mr. Jackson understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Jackson further understands that if the Court imposes a sentence

greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Jackson's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines:** The parties agree that the following Guideline Sections apply:

§ 2B1.1

|  |  |  |
|---|---|---|
| (a) | Base Offense Level | 6 |
| (b) | Specific Offense Characteristics | 12 |
|  | Loss more of more than $200,000 | |
| $3C1.3 | Abuse of Position of Trust | 2 |
|  | TOTAL | 20 |

In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements:** Mr. Jackson agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013} and to pay restitution of $ 95,000 to St. Elizabeths Hospital, 2700 Martin Luther King Avenue, S.W., Washington, D.C. Mr. Jackson also agrees, pursuant to 18 U.S.C. §§ 3663(a)(3), that after payment to St. Elizabeths Hospital, he will pay restitution of $140,882 to Kaiser Foundation Health Care Plan, Inc., Legal Department, 2101 East Jefferson Street, Rockville, MD 20849-6270. Mr. Jackson also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).



5. **Reservation of Allocution:** The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Jackson's criminal activities. In addition, Mr. Jackson acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

6. The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

7.  If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

8.  **Government Concessions:**  In exchange for his guilty plea, the government agrees not to oppose Mr. Jackson's release pending sentencing, agrees not to oppose a 3-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and agrees not to oppose Mr. Jackson's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Jackson continues to show his acceptance of responsibility by:  (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested);  (b) cooperating fully and truthfully with the Court in any proceeding arising from this matter;  (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court.  Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Jackson in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia for the theft outlined in the attached Statement of Offense.  This agreement not to prosecute Mr. Jackson does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4).  It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Jackson.

9.  **Court is not bound:**  Mr. Jackson understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty.  The Court's decision in these regards are not grounds for withdrawal from this agreement.

10.  **Breach of Agreement:**  Mr. Jackson agrees that if he fails to comply with any of the provisions of this plea agreement, makes false or misleading statements before the Court, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement.  In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Jackson's release (for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) Mr. Jackson will not have the right to withdraw the guilty plea; (c) Mr. Jackson shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against  Mr. Jackson, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

3

11. **Prosecutors' Offices Bound:**  The Office of the State's Attorney for Prince George's County, Maryland, agrees that it will not prosecute Mr. Jackson for the theft or diversion of medications taken from St. Elizabeths Hospital or Kaiser Foundation Health Care Plan, Inc., between 2003 and 2006.  The United States Attorney's Office for the District of Maryland also agrees that it will not prosecute Mr. Jackson for the theft or diversion of medications taken from St. Elizabeths Hospital or Kaiser Foundation Health Care Plan, Inc., between 2003 and 2006.  Mr. Jackson understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia, the United States Attorney's Office for the District of Maryland, and Office of the State's Attorney for Prince George's County, Maryland.  This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Jackson.

12. **Complete Agreement:**  No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Jackson, Mr. Jackson's counsel, and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Jackson may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Jackson and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
THOMAS E. ZENO
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, G. Allen Dale, Esquire.  I fully understand this agreement and agree to it without reservation.  I do this voluntarily

and of my own free will, intending to be legally bound.  No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.  I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 6/12/2007

Raymond Jackson
Defendant

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully.  These pages accurately and completely sets forth the entire plea agreement.  I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 6/12/07

G. Allen Dale, Esquire
Attorney for the Defendant

5