HONORABLE EMMET G. SULLIVAN, UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Docket No.: <u>07-CR-340</u> |
| | : | |
| vs. | : | SSN: ¿ _____ |
| | : | |
| JACKSON, Raymond | : | Disclosure Date: <u>March 31, 2008</u> |

**FILED**

**MAY 0 6 2008**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## RECEIPT AND ACKNOWLEDGMENT OF PRESENTENCE INVESTIGATION REPORT

This is to acknowledge that each of the undersigned has received and reviewed the Presentence Investigation Report (PSR) in the above-entitled case. The undersigned further acknowledges that:

### For the Government

(CHECK APPROPRIATE BOX)
(X) There are no material/factual inaccuracies therein. * see comments attached
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment herein.

_____          April 7, 2008
Prosecuting Attorney                              Date

### For the Defendant

(CHECK APPROPRIATE BOX)
( ) There are no material/factual inaccuracies therein.
( ) There are material/factual inaccuracies in the PSI report as set forth in the attachment.

_____          _____
Defendant               Date                     Defense Counsel          Date

### NOTICE OF OBLIGATION OF THOSE EXECUTING THIS FORM

Pursuant to Local Rule 32(f)(2), those executing this form shall first submit any material inaccuracies or disputes in writing by **April 14, 2008**, to U.S. Probation Officer **Kathie McGill**, telephone number **(202) 565-1421**, fax number **(202) 273-0242**.

Pursuant to Rule 32(b)(6)(B), effective December 1, 1994, it shall be the responsibility of the Attorney for the Government and the Defense Counsel to provide each other with a copy of the objections at the same time the objections are filed with the probation office.

FOR THE COURT

By:   Gennine A. Hagar, Chief
       United States Probation Officer

<u>U.S. v. Raymond Jackson</u>

Although there are no material inaccuracies in the Pre Sentence Report, the government notes the following:

<u>paragraphs 5 and 71</u>

The plea agreement specifies that Mr. Jackson will pay restitution to St. Elizabeths in full before paying restitution to Kaiser. The PSR could be interpreted to mean that restitution is due to each at the same time.

By the way, technically, St. Elizabeths is spelled without an apostrophe because that is the way it was spelled in the legislation establishing the hospital.

<u>paragraph 45</u>

This paragraph indicates that Mr. Jackson currently is incarcerated, which he is not.

*Thomas Zeno*



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

Judiciary Center
555 Fourth St., N.W.
Washington, DC 20530

# FACSIMILE TRANSMISSION COVER SHEET

Date:

Time:

To: KATHIE McGill

Office:

Fax: 273-0242

From: Thomas E. Zeno
   Assistant United States Attorney
   District of Columbia

Office: 202-514-6957

Fax: 202-307-2304

Number of pages NOT including this cover sheet:

Remarks:

## CONFIDENTIAL U.S. ATTORNEY FACSIMILE COMMUNICATION

The information contained in this facsimile message, and any and all accompanying documents constitutes confidential information. This information is the property of the U. S. Attorney's Office. If you are not the intended recipient of this information, any disclosure, copying, distribution, or the taking of any action in reliance on this information is strictly prohibited. If you received this message in error, please notify us immediately at the above number to make arrangements for its return to us.

APR-10-2008 12:19                                                                 P.001

## U.S. v. Raymond Jackson

The government does not object to the comments contained in Mr. Dale's letter of April 8, 2008, about the amount of restitution discussed in paragraphs 5 and 71. Out of an abundance of caution, however, the government notes that the $58,000 payment made so far should be credited against the amount owed to Kaiser. The amount owed to St. Elizabeths, which Mr. Jackson has agreed to pay in full before he makes restitution payments to Kaiser, remains unchanged at $95,000.